UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY S. SMITH and <br> KATHRYN N. SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> SUSAN E. HEARN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 3:18-CV-561-PPS/MGG <br> ) <br> ) <br> ) <br> ) |

# OPINION AND ORDER

Jeffrey and Kathryn Smith purchased a house from Susan Hearn which the Smiths say is chock-full of defects that weren't disclosed to them at the time of the purchase. According to their complaint, after the Smiths moved in, they discovered the house had extensive water damage and black mold, among other problems. Ms. Hearn answered the complaint and went on the offensive filing two counterclaims against the Smiths. Presently before me is the Smiths' motion to dismiss those counterclaims. [DE 11.] Hearn's first counterclaim alleges breach of contract rationalizing that the Smiths are effectively seeking a post-purchase reduction of the price of the home. The second counterclaim is for malicious prosecution. Both counterclaims fail as a matter of law.

**Background**

The Smiths filed a complaint in state court on June 28, 2018 [DE 3], and Hearn removed the case on the basis of diversity jurisdiction. [DE 1 at 2.] I will take the facts in the complaint as true, as I must at this stage of the proceedings. Here's what they

reveal:

The Smiths purchased a home from Hearn which is located on Lake Tippecanoe in Leesburg, Indiana. The Smiths paid the purchase price of $457,000. [DE 3 at 6.] Before entering into the purchase agreement and closing, Hearn made material representations to the Smiths regarding the condition of the home. The Smiths allege that Hearn verbally told them the house had not flooded in 10 years, which they contend is false - they believe it flooded 8 years before the sale and again in April of May of 2011, and in 2014. [DE 3 at 1-2.] As part of the sale, as is common in real estate transactions, Hearn also gave the Smiths a residential real estate sales disclosure which falsely represented there had never been a hazardous condition on the property like mold, there was no moisture and/or water problems in the basement, crawl space or any other area, and there was no damage due to flooding. [DE 3 at 2; Ex. B.]

After the Smiths moved in, they discovered that the home had experienced a significant flood and there was a lot of damage to the house including to subflooring, floor joists, rotted studs, and black mold in the house. [*Id.* at 2.] The Smiths claim they cannot use the home in its present state, and wish to tear it down and rebuild. [*Id.* at 3.] They state a claim for fraud and statutory deception in violation of Indiana Code § 35-43-5-3(a)(2). They seek damages exceeding $400,000, plus attorneys fees, punitive damages, prejudgment interest, and costs. [*Id.* at 3.]

Hearn filed an answer and two counterclaims on August 27, 2018 [DE 8]. The first counterclaim is for breach of contract in which Hearn states because the Smiths are

seeking damages that exceed $400,000, they are "effectively seeking a post-purchase reduction of the price of the Home to which they are not entitled." [DE 8 at 10.] The second counterclaim is for malicious prosecution. Hearn states the Smiths "are in truth attempting to force Defendant/Counterclaimant to bankroll efforts to repair damages caused to the Home by flooding that occurred in 2018, after the Plaintiffs [] purchased the Home." [*Id.* at 11.]

The Smiths filed the instant motion to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing they fail to state a claim upon which relief may be granted. [DE 11.] This motion is fully briefed and ripe for adjudication.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*,

521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### **Breach of Contract (Counterclaim I)**

Hearn sets forth in her first counterclaim a claim for breach of contract. She states that because the Smiths seek prejudgment interest, costs, attorney fees, and punitive damages, and allege their damages exceed $400,000, this is an "attempt at an after-the fact modification of the parties' arrangement as to the price of the home" which constitutes a breach of the purchase agreement. [DE 8 at 10.] With all due respect to Hearn, this counterclaim borders on the nonsensical.

A breach of contract claim requires: (1) the existence of a contract; (2) the breach of the contract; and (3) damages. *Hopper v. Colonial Motel Properties, Inc.*, 762 N.E.2d 181, 187 (Ind. Ct. App. 2002). Here, it is undisputed that under the purchase agreement, the Smiths agreed to pay the sum of $457,000 in exchange for title to the home. [DE 8 Ex. A.] Hearn does not contest that the Smiths tendered the full purchase price of $457,000 and received title to the house. [DE 8 at 2.] As such, there cannot be a breach of the purchase agreement, and because Hearn received the full purchase price, she has no damages available under the purchase agreement.

Hearn's theory is that by suing for damages, the Smiths are effectively seeking a

4

reduction in the price of the home.  But how precisely have the Smiths breached the agreement? If, on the one hand, the Smiths claims are "meritless" as Hearn tells me, then they will lose their lawsuit, and there will be no breach of the agreement.  If, on the other hand, the lawsuit proves to be meritorious, and the Smiths are able to demonstrate that they were the victims of a fraud as distinct from just a breach of contract, then they will collect, assuming the law permits it, their remedies based on their fraud theory.  *See, e.g., Allianz Ins. Co. v. Guidant Corp.*, 884 N.E.2d 405, 414 (Ind. Ct. App. 2008); *Tobin v. Ruman*, 819 N.E. 2d 78, 86 (Ind. Ct. App. 2004).  Recall that the Smiths have chosen to only bring a fraud (and statutory) claim, but not a breach of contract claim.  But how Hearn has been deprived of the benefit of the bargain is beyond me.  In sum, the Smiths fully performed their obligations under the purchase agreement. And this subsequent suit for fraud and deception has no bearing on that fact.

### **Malicious Prosecution (Counterclaim II)**

The second counterclaim sets forth a claim for malicious prosecution. Specifically, Hearn argues that the home flooded in 2018, after the Smiths purchased it, and they are simply trying to "bankroll efforts to repair damages" caused by the recent flood. [DE 8 at 11.] The elements of a malicious prosecution action are: (1) the defendant instituted a cause of action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor.  *Crosson v. Berry*, 829 N.E.2d 184,

189 (Ind. Ct. App. 2005).

In their motion to dismiss, the Smiths argue that a claim for malicious prosecution does not accrue until a proceeding has terminated in Hearn's favor. *See Waldrip v. Waldrip*, 976 N.E.2d 102, 111 (Ind. Ct. App. 2012) ("a claim of malicious prosecution requires proof that a proceeding was terminated in the plaintiff's favor."). In other words, to properly have a claim for malicious prosecution in this case, this action would first have to terminate in Hearn's favor. If the original action is not terminated in the party's favor, dismissal of a malicious prosecution claim is proper. *See Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005) (upholding dismissal of malicious prosecution where original action not terminated in proper party's favor).

In her reply, Hearn says she agrees that there has been no proceeding terminated in favor of Hearn, and she "agrees with the notion, advanced by the plaintiffs, that this means that a malicious prosecution claim would be premature at this juncture." [DE 19 at 5.] But Hearn argues that instead of dismissing the second counterclaim, I should construe it as a claim for abuse of process or, alternatively, grant her leave to amend the answer to allege a counterclaim for abuse of process. [*Id.* at 6.]

This request is procedurally improper. Northern District of Indiana Local Rule 7-1 requires a separate motion for each request, and Local Rule 15-1 requires a party seeking to amend a pleading to attach the proposed amendment. Hearn did not move the court for leave to amend her answer and counterclaims, nor did she attach a

proposed amendment.

To the extent Hearn asks me to construe the current counterclaim as one for abuse of process, I do not think that is proper either. Abuse of process under Indiana law requires both that the defendant has an ulterior purpose or motive and there must be a willful act in the use of process not proper in the regular conduct of a proceeding. *See Donovan v. Hoosier Park, LLC*, 84 N.E.3d 1198, 1209 (Ind. Ct. App. 2017). If a defendant's acts are procedurally and substantively proper, then their intent is irrelevant. *Id.* The counterclaim in this case alleges that the Smiths had no probable cause to bring this action. [DE 8 at 11.] But from my perspective, the Smiths have not done anything procedurally improper, and the counterclaim fails to allege a willful act in the use of process. As such, I don't think it is appropriate to construe the counterclaim as one for abuse of process.

## Conclusion

For the reasons stated above, the Smiths' motion to dismiss counterclaims [DE 11] is GRANTED. The counterclaims for breach of contract and malicious prosecution are DISMISSED.

ENTERED: January 8, 2019.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
